**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TRANSMERIDIAN AIRLINES, INC., | ) | |
| by and through its Distribution Agent, | ) | |
| JERRY E. COX, | ) | |
| | ) | CASE NO. 1:02-CV-1918-GET |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AEROPOSTAL ALAS DE VENEZUELA | ) | |
| C.A., and AEROPOSTAL AIRLINES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE**
**SETTLEMENT AGREEMENT AND PLAINTIFF'S**
**MOTION FOR SANCTIONS.**

COMES NOW Defendants Aeropostal Alas De Venezuela C.A. and

Aeropostal Airlines, Inc. and file their response to TransMeridian's two Motions as

follows:

**I.    ENFORCEMENT OF SETTLEMENT AGREEMENT:**

Plaintiff seeks the Court's enforcement of a "Letter Agreement" entered into

between the parties to this action.  Importantly, Defendants also seek the

enforcement of the Letter Agreement of 02/23/06.  To date, Defendants have not

1

breached the terms of the February 23, 2006 letter Agreement between the parties. Attached as Exhibit "1" is the Letter Agreement.

Pursuant to Paragraph 2 of the Letter Agreement, Defendants have already paid to TransMeridian $383,206.57 of the $6 million of the Settlement amount. Additionally, the Defendants have withdrawn their objection to additional garnishments filed by TransMeridian pursuant to Paragraph 2 of the Letter Agreement.

Plaintiff complains that the Defendants have breached Paragraph 5 of the agreement because Defendants have allegedly failed to produce credit card information required by the Letter Agreement. In this regard, the Letter Agreement requires Aeropostal to provide TransMeridian with documentation relating to its credit card accounts, including the entities involved, the addresses of such entities, account numbers and names, and the contract documents relating to such accounts. The Defendants have sought information from the required companies and have produced the requested information to TransMeridian as of March 31, 2006. At no time did Defendants deny their willingness to produce this information to Plaintiff.

Plaintiff's next contention is that the Defendants have refused to dismiss their Eleventh Circuit Appeal (oral argument set for May 22, 2006). This is not

correct.  Defendants have stated that they are ready to sign the Dismissal of the Eleventh Circuit Appeal once the final Settlement Agreement document has been signed.  Paragraph 3 of the February 23, 2006 Letter Agreement provides that, "Aeropostal shall dismiss with prejudice its appeal of this matter to the Eleventh Circuit Court of Appeals immediately upon signature of the final settlement documents."  (emphasis supplied)  To the extent that the final settlement documents have not yet been signed, the Defendants are not in violation of this Agreement.  Again, Defendants want the settlement agreement to be upheld and are very willing to dismiss the appeal simultaneously with the signing of the final settlement agreement.

## II.    MOTION FOR SANCTIONS:

Plaintiff seeks this Court to enter an Order of Sanctions against Defendants as well as Defendants' counsel, individually.  The basis of Plaintiff's Motion is this Court's Order to Compel dated 01/27/06.  For the reasons stated more fully below, the Defendants respectfully request this Court to deny the Plaintiff's Motion for Sanctions against the Defendants and additionally request the Court to deny Plaintiff's Motion for sanctions against defense counsel Ricardo Pines and James Doyle, individually.

**A.    Entering into the Settlement Agreement rendered additional discovery moot.**

Within a week of discovering that Aeropostal may have more documents responsive to the Plaintiff's discovery request, the parties to this action entered into the "Letter Agreement". Currently pending with this Court is the Plaintiff's Motion to Enforce the Settlement Agreement. As has been argued above, the Defendants in this action also would like the Court to enforce the Settlement Agreement. If this Court were to enforce the Settlement Agreement, the necessity for additional discovery would be rendered moot. After the 30(b)(6) deposition of Aeropostal Alas De Venezuela, C.A. Vice President, Ricardo Milano, (taken on 2/16/06) the parties to this action discussed additional discovery to be conducted. Shortly thereafter, the parties entered into the Letter Agreement.

**B.    Defendants have attempted to comply with this Court's Order dated 01/27/06.**

This discovery dispute arises out of the Plaintiff's Post Judgment Motion to Compel. At the time the Plaintiffs filed their Motion to Compel, Defendants had produced documents Bates labeled AAV-PJ 1 through 96. Even after Plaintiff filed its Motion to Compel, Defendants continued to produce additional documents responsive to the Plaintiff's Post Judgment Discovery Request. The last

supplemental response filed by the Defendants occurred just ten (10) days before this Court entered an Order on Plaintiff's Motion to Compel.  This supplemental response produced document AAV-PJ 97-367.

After this Court's Order was received by Defense counsel, defense counsel James Doyle immediately wrote a letter to Ricardo Milano, Vice President of Aeropostal Alas De Venezuela C.A., citing the importance of the Court's Order on Plaintiff's Motion to Compel and the need to produce all documents to be in compliance with this Court's Order.  Attached as Exhibit "2" to this Motion is a copy of the letter sent to Ricardo Milano by Attorney James Doyle as well as a copy of the Federal Express receipt in which the letter was overnighted to Aeropostal Alas De Venezuela C.A.  Additional documents were produced after this letter.  Every document produced to defense counsel James Doyle was forwarded to Plaintiff.

After receiving this Court's Order, James Doyle also wrote to Plaintiff's counsel Bob Shields in order to schedule the 30(b)(6) deposition required by this Court's Order (See Exhibit "3").  The deposition required by the Court was timely and took place on February 16, 2005.

Within one week of the deposition, the parties resolved the case through settlement negotiations and entered into the written Letter Agreement attached as

Exhibit "1".   Thereafter, the parties took definitive steps, specific to the Letter Agreement, to resolve this matter.   Pursuant to the Letter Agreement, Defendants released $383,206.57 to Plaintiff and Defendants also withdrew its objection to garnishments filed by TransMeridian.   Attached as Exhibit "4" is the Motion to Withdraw filed by the Defendants pursuant to the Letter Agreement.

### C.    Conclusion.

Plaintiff's Motion for Sanctions should be dismissed because settlement in this case has occurred.   However, even if this Court were to conclude that settlement is not yet final, Defendants state that they have truly attempted to comply with the Court's Order regarding Plaintiff's Motion to Compel and should not be sanctioned for its alleged failure to produce additional documents after settlement had been entered into.   Last, Defense counsel Ricardo Pines and James Doyle should not be held individually accountable if this Court determines that Defendants failed to meet the requirements of this Court's Order.   In this regard, Exhibits "2" and "3" of this Response Brief show that defense counsel properly counseled its client regarding the need to produce all documents required by the Order and worked with Plaintiff's counsel in order to schedule and take the required 30(b)(6) deposition of Vice President of AAV, Ricardo Milano.

This 31st day of March, 2006.

6

Respectfully Submitted,


**RICARDO E. PINES, P.A.**

3301 Ponce de Leon Blvd.
Suite 200                          By: /s/ Ricardo E. Pines          .
Coral Gables, FL  33134                 Ricardo E. Pines
(305) 461-5757                          FL Bar No.: 844608
                                        Lead Counsel for Defendants



**CARLOCK, COPELAND, SEMLER
& STAIR, LLP**


                                   By:  /s/ James R. Doyle          .
                                        JAMES R. DOYLE
2600 Marquis Two Tower                  GA State Bar No.: 228495
285 Peachtree Center Avenue             Local Counsel for Defendants
Atlanta, GA 30303-1235
(404) 522-8220

7

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing Defendants' Response To Plaintiff's Emergency Motion To Enforce Settlement Agreement And Plaintiff's Non-Emergency Motion For Sanctions was prepared using Times New Roman 14 point font, in accordance with LR 5.1(B).

This 31st day of March, 2006.

CARLOCK, COPELAND, SEMLER
& STAIR, LLP


By: /s/ James R. Doyle                .
    JAMES R. DOYLE
    GA State Bar No.: 228495
    Local Counsel for Defendants

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303-1235
(404) 522-8220

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, I electronically filed Defendants' Response To Plaintiff's Emergency Motion To Enforce Settlement Agreement And Plaintiff's Non-Emergency Motion For Sanctions with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Samuel W. Wethern
Robert Shields
Doffermyre Shields Canfield Knowles & Devine
1355 Peachtree Street, Suite 1600
Atlanta, Georgia  30309

**CARLOCK, COPELAND, SEMLER & STAIR, LLP**

By:   /s/ James R. Doyle              .
      JAMES R. DOYLE
      State Bar No.:  228495

2600 Marquis Two Tower
285 Peachtree Center Avenue          Local Defense Counsel for
Atlanta, Georgia 30303               Defendants
404-522-8220

9